THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : 3:21-CR-183 |
| | : (JUDGE MARIANI) |
| OMAR VARGAS, | : |
| | : |
| Defendant. | : |

## MEMORANDUM OPINION
### I. INTRODUCTION

On June 29, 2021, Defendant was charged with two counts of Possession with Intent to Distribute Controlled Substances, 21 U.S.C. § 841, arising from two separate incidents which took place on January 4, 2021, and April 25, 2021. (Doc. 1.) Here the Court considers Defendant's "Motion to Suppress Evidence Obtained in Violation of the Fourth Amendment to the United States Constitution (Motion for Hearing)" (Doc. 31). With the Motion, Defendant seeks to suppress evidence gained from the two incidents identified in the Indictment and requests that the Court schedule an evidentiary hearing on the matters raised in the Motion. (Doc. 31.)

The first incident occurred on January 4, 2021, when Defendant was apprehended and searched after leaving the scene of a traffic stop. (Doc. 32 at 2.) Defendant seeks to suppress the fruits of this search which includes mobile telephones and currency based on his assertion that officers lacked probable cause to pursue and arrest him and, therefore, they did not have authority to execute a search incident to arrest. (*Id.*)

The second incident occurred on April 25, 2021, when, subsequent to a traffic stop, a warrant was obtained to search the vehicle which Defendant had been driving. (*Id.*) At the time, Defendant was driving a vehicle which he said was owned by his passenger, Justine Thomas.[1] (Doc. 55 at 6.) Defendant seeks suppression of the fruits of this search—including marijuana, drug paraphernalia, and cocaine—based on his assertion that the affidavit submitted by the detective in support of the warrant application contained materially false statements made knowingly or with reckless disregard of the truth. (*Id.*) Defendant also asserts that there are issues of fact as to whether the seizure of Defendant and the vehicle was justified by law enforcement's observation of a traffic violation on April 25, 2021. (*Id.* at 14.)

The pending Motion is fully briefed and ripe for disposition. (Docs. 32, 32, 55, 61.) For the reasons discussed below, the Motion will be granted in part and denied in part.

## II. DISCUSSION

### A. Request for Franks Hearing

As to the April 25, 2021, Application for Search Warrant, Defendant asserts that a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), is needed because Defendant has made the requisite preliminary showing pursuant to *United States v. Yusuf*, 461 F.3d 374, 383 (3d Cir. 2006), that the Affidavit of Probable Cause contained materially false statements or omissions, knowingly or recklessly made. (Doc. 32 at 9-12.) The Government does not address this issue. Rather, the Government maintains that Defendant "lacks standing to object

---

[1] The April 25, 2021, Affidavit of Probable Cause states that a vehicle registration search showed that Polly Thomas owned the vehicle. (Doc. 31-4 at 5.)

2

to the search of Thomas's vehicle." (Doc. 55 at 11.) In his reply brief, Defendant asserts that he has standing to seek suppression of the evidence derived from the search of the vehicle because his status as "the driver gave him 'lawful possession and control and the attendant right to exclude' others from the vehicle – a reasonable expectation of privacy." (Doc. 61 at 2-3 (quoting *Byrd v. United States*, 138 S. Ct. 1518, 1528 (2018).) Before addressing the substantive aspects of Defendant's Motion, the Court will consider the threshold issue of whether Defendant has standing to object to the search of the vehicle on April 25, 2021.

Standing to contest government action under the Fourth Amendment "requires that the individual challenging a search have a reasonable expectation of privacy in the property searched, and that he manifest a subjective expectation of privacy in the property searched." *United States v. Baker,* 221 F.3d 438, 441 (3d Cir.2000) (citing *California v. Greenwood,* 486 U.S. 35, 39 (1988); *Rakas v. Illinois,* 439 U.S. 128 (1977)). It is the defendant's burden to demonstrate Fourth Amendment standing. 221 F.3d at 443.

Regarding the search of a vehicle, *Baker* explained that

> [i]t is clear that a passenger in a car that he neither owns nor leases typically has no standing to challenge a search of the car. See *Rakas,* 439 U.S. at 133–34, 99 S.Ct. 421 (holding that there is no legitimacy to a defendant's expectations of privacy where the area searched is in the control of a third party). "Fourth Amendment rights are personal rights, which, like some other constitutional rights, may not be vicariously asserted." *Id.* at 133–34, 99 S.Ct. 421 (quoting *Alderman v. United States,* 394 U.S. 165, 174, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969)), "a person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed." *Id.* at 134, 99 S.Ct. 421.

221 F.3d at 441-42.

After noting that the Third Circuit Court had never considered whether an individual who borrows a car and has control over it has a legitimate expectation of privacy in it, *Baker* noted that

> [c]ases from other circuits suggest that whether the driver of a car has the reasonable expectation of privacy necessary to show Fourth Amendment standing is a fact-bound question dependent on the strength of his interest in the car and the nature of his control over it; ownership is not necessary.

221 F.3d at 442 (listing cases). *Baker* found that the defendant had standing to object to the search of a car that was registered in someone else's name where he was travelling alone in the car, and "he had substantial control over it insofar as he had borrowed it from a friend and had been driving it for four to six weeks." *Id.* Although *Baker* found standing on the specific facts related to the defendant's use of the vehicle, "the normal course is that when the owner of a vehicle is traveling with a non-owner driver, the latter has no reasonable expectation of privacy in the vehicle because a reasonable person would expect that the owner can handle or remove any item within the vehicle," *United States v. Schofield*, 80 F. App'x 798, 802 (3d Cir. 2003) (not precedential) (citing *United States v. Jefferson,* 925 F.2d 1242, 1248–49 (10th Cir.), *cert. denied,* 502 U.S. 884, 112 S. Ct. 238, 239, 116 L.Ed.2d 194 (1991); *United States v. Lochan,* 674 F.2d 960, 965–66 (1st Cir.1982)).

Here, no facts suggest that this case is outside "the normal course"—Defendant was the non-owner driver of the vehicle and the identified owner, Justine Thomas, was the passenger. Although, as noted previously, the vehicle registration search showed that Polly Thomas was the registered owner of the vehicle, *see supra* p. 2 n.1, this fact does not change the analysis

because evidence of record shows that Justine Thomas had the recognized possessory interest and attendant expectation of privacy in the vehicle.  For example, the Affidavit of Probable Cause states that "[Justine] THOMAS stated that the vehicle was her property and that was the reason for there not being an ignition interlock device [which was required on Vargas's driver's license] present.  VARGAS stated that the same, that the vehicle was Thomas'." (Doc. 31-4 at 5.)  Defendant does not dispute the veracity of this information.  Thus, the circumstances of this case indicate that Defendant, as the non-owner driver of the vehicle in which the individual with a recognized possessory interest was a passenger, would have no reasonable expectation of privacy in the vehicle, and he consequently lacks standing to challenge the seizure and search of the vehicle.

The cases upon which Defendant relies do not suggest otherwise.  Defendant asserts that "[w]ith respect to the vehicle, . . . Vargas was the driver, which gave him 'lawful possession and control and the attendant right to exclude" others from the vehicle – a reasonable expectation of privacy.'" (Doc. 61 at 1 (quoting *Byrd v. United States*, 138 S. Ct. 1518, 1528 (2018)).)  The Court noted that Byrd

> was the rental car's driver and sole occupant. His situation is similar to the defendant in *Jones* [*v. United States*, 362 U.S. 257 (1960),], who had a reasonable expectation of privacy in his friend's apartment because he "had complete dominion and control over the apartment and could exclude others from it." *Rakas*, 439 U.S. at 149. The expectation of privacy that comes from lawful possession and control and the attendant right to exclude should not differ depending on whether a car is rented or owned by someone other than the person currently possessing it, much as it did not seem to matter whether the defendant's friend in *Jones* owned or leased the apartment he permitted the defendant to use in his absence.

138 S. Ct. at 1522.

> Defendant recognizes the distinction between *Byrd* and this case:
>
> In *Byrd*, the Court held that the driver of a rental car not listed as an authorized driver on the rental agreement had 'standing' to exclude the fruits of the search of the car. That case is distinguishable from this one because Byrd was the only occupant of the vehicle at the time officers pulled him over; Mr. Vargas was in the vehicle with Ms. Thomas. The distinction is inconsequential, however, because possession may be sole or joint, *see* 3d Cir. Mod. Crim. Jury Ins. 6.21.841-1, and a reasonable expectation of privacy may arise from joint possession and control.

(Doc. 61 at 3 n.1.)

Defendant correctly notes the distinction between this case and *Byrd* but his conclusory statement about joint possession and control is without factual support, is not consistent with *Byrd's* reasoning, and is contradictory to the rule set out above which applies here, i.e., "the normal course is that when the owner of a vehicle is traveling with a non-owner driver, the latter has no reasonable expectation of privacy in the vehicle because a reasonable person would expect that the owner can handle or remove any item within the vehicle," *Schofield*, 80 F. App'x at 802 (citing *Jefferson*, 925 F.2d at 1248–49; *Lochan*, 674 F.2d at 965–66.

The Court disagrees with Defendant that the distinctions are "inconsequential"—sole occupancy of the vehicle was integral to *Byrd's* reasoning as exemplified by the material quoted above as was the assessment that the defendant had "complete dominion and control over" the vehicle. *See supra* p. 5. Unlike *Byrd*, Defendant was not the sole occupant, and no evidence suggests that Defendant had complete dominion and control

over the vehicle and could exclude others from it. Further, *Byrd* specifically considered a fact pattern that continued the "well-traveled path" in the Court's Fourth Amendment jurisprudence: "Those cases support the proposition, and the Court now holds, that the mere fact that a driver in lawful possession or control of a rental car is not listed on the rental agreement will not defeat his or her otherwise reasonable expectation of privacy." *Byrd*, 138 S. Ct. at 1531. The fact-pattern under consideration here is readily distinguishable from those on the "well-traveled path."[2]

In sum, based on the relevant Fourth Amendment framework, including *Byrd's* reasoning quoted above, Defendant is incorrect that the distinctions between *Byrd* and this case are inconsequential (Doc. 61 at 3 n.1). Rather, the fact that Defendant was the non-owner driver of a car in which the alleged owner was the passenger is a dispositive distinction and the basis upon which the Court concludes that Defendant lacks standing to contest the seizure and search of the vehicle he was driving on April 25, 2021.

Because Defendant lacks standing to contest the seizure and search of the vehicle, his motion will be denied insofar as he seeks suppression of the evidence found in the vehicle searched and requests a *Franks* hearing to ascertain whether the Affidavit of

---

[2] Defendant's reliance on *United States v. Jones*, 438 F. Supp. 3d 1039, 1060 (N.D. Cal. 2020), is unavailing for similar reasons. (*See* Doc. 61 at 3.)

Probable Cause contains materially false statements or omissions, knowingly or recklessly made.[3]

## B. Warrantless Seizures

Defendant also maintains that the Court "should schedule a hearing to determine whether the Government can shoulder its burden of showing that the warrantless seizures of Mr. Vargas on April 25, 2021, and January 4, 2021, complied with the Fourth Amendment." (Doc. 32 at 12.) A review of the parties' filings indicates that factual disputes exist which are relevant to whether officers had probable cause to pursue and arrest Defendant on January 4, 2021, and whether the April 25, 2021, seizure of Defendant was justified by law enforcement's observation of a traffic violation. (See Doc. 32 at 3-8; Doc. 55 at 3-7.) Because the Court has determined that Defendant does not have standing to contest Government action as to the vehicle seized on April 25, 2021, any challenge to the incident which occurred on that date is limited to Government action directly related to him. With this limitation, the Court will grant Defendant's request for a hearing on the propriety of the warrantless seizures which occurred on January 4, 2021, and April 25, 2021.

## III. CONCLUSION

Defendant's "Motion to Suppress Evidence Obtained in Violation of the Fourth Amendment to the United States Constitution (Motion for Hearing)" (Doc. 31) will be granted in

---

[3] The Government also contends that Defendant does not have standing to seek suppression of the bag of methamphetamine found on the roadside on January 4, 2021. (Doc. 55 at 11.) In his reply brief, Defendant states that he has not asserted that he was in possession of the methamphetamine and he does not seek to suppress it. (Doc. 61 at 2.)

8

part and denied in part. The motion will be granted insofar as the Court will conduct a hearing to determine the propriety of the seizures of Defendant on January 4, 2021, and April 25, 2021. The Motion will be denied insofar as Defendant seeks a *Franks* Hearing and consideration of matters related to the seizure and search of the vehicle driven by Defendant on April 25, 2021. A separate Order will be entered.

_____
Robert D. Mariani
United States District Judge