THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : 3:21-CR-183 |
| | : (JUDGE MARIANI) |
| OMAR VARGAS, | : |
| | : |
| Defendant. | : |

## MEMORANDUM OPINION
### I. INTRODUCTION

On June 29, 2021, Defendant was charged with two counts of Possession with Intent to Distribute Controlled Substances, 21 U.S.C. § 841, arising from two separate incidents which took place on January 4, 2021, and April 25, 2021. (Doc. 1.) Here the Court considers Defendant's "Motion for Relief from Prejudicial Joinder (Fed. R. Crim. P. 14)" (Doc. 29). With the Motion, Defendant seeks separate trials of the two counts in the Indictment. (Doc. 29 at 2.)

The first incident, the genesis of Count 1 of the Indictment, occurred on January 4, 2021, when Defendant was apprehended and searched after leaving the scene of a traffic stop where another individual was driving the truck in which he was a passenger. (Doc. 54 at 6-7.) The second incident, the genesis of Count 2 of the Indictment, occurred on April 25, 2021, when, subsequent to a traffic stop, Defendant was detained and a warrant was obtained to search the vehicle which Defendant had been driving with his passenger identified as the owner of the vehicle. (*Id.* at 7-9.)

The pending Motion is fully briefed and ripe for disposition. (Docs. 29, 30, 54, 60.) For the reasons discussed below, the Motion will be granted.

## II. DISCUSSION

Defendant files this motion pursuant to Federal Rule of Criminal Procedure 14 which addresses "Relief from Prejudicial Joinder" and provides in relevant part that "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). Claimed prejudice in this case hinges on the admissibility of evidence of "other crimes, wrongs, or acts" pursuant to Federal Rule of Evidence 404(b) which provides in pertinent part as follows:

> (b) Other Crimes, Wrongs, or Acts.
>
> (1) Prohibited Uses. Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> (2) Permitted Uses. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Fed. R. Evid. 404(b). Defendant also points to the propriety of excluding evidence under Rule 403 (Doc. 30 at 4) which allows the Court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Defendant identifies the facts relevant to this motion as follows:

> If an officer's Affidavit of Probable Cause recounting the January 4, 2021 incident is any guide, the government will attempt to prove that officers found a Ziploc bag of just over 50 g. of methamphetamine along a path that Mr. Vargas tread in flight from a lawful traffic stop, and that the bag must have been Mr. Vargas'. See Ex. A.
>
> With respect to April 25, 2021, an Affidavit of Probable Cause's recounting of that day's incident suggests that the government will attempt to prove that Mr. Vargas possessed (with intent to distribute) cocaine discovered in the center console of a 2007 Chevrolet SUV that he had been driving. See Ex. B.

(Doc. 30 at 2-3.)

Defendant posits that, with respect to the January 4, 2021, incident, "the only issue that will be in serious dispute is whether Mr. Vargas possessed methamphetamine" and "admission of evidence of his possession of cocaine on April 25, 2021, will unfairly prejudice his attempt to prove that he did not possess methamphetamine on January 4, 2021." (Id. at 3.) He adds that evidence of his possession of cocaine on April 25, 2021, would be inadmissible under Federal Rule of Evidence rules 404(b) and 403 because

> evidence of drug possession more than three months after January 4, 2021 says nothing about Mr. Vargas' motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident in connection with alleged methamphetamine possession on January 4, 2021. None of these will be 'at issue' in the trial of the January 4, 2021 incident anyway. And it is difficult to see how evidence of Mr. Vargas' possession of cocaine on April 25, 2021 is relevant to the one question that will be at issue – whether Mr. Vargas possessed methamphetamine on January 4, 2021 – other than to suggest that, if he possessed a controlled substance on one occasion, he is more likely to have possessed a controlled substance on another – "precisely the propensity-based inferential logic that Rule 404(b) forbids." United States v. Caldwell, 760 F.3d 267, 282 (3d Cir.2014). In sum, rather than serving any legitimate purpose, evidence of cocaine possession on April 25, 2021 is likely to cause the jury to conclude that Mr. Vargas has a bad character or a propensity to

3

commit crimes, specifically that he possessed a controlled substance on April 25, 2021, so he must also have done so on January 4, 2021.

(Doc. 30 at 4-5.) For the foregoing reasons, Defendant requests that the Court order separate trials on Counts 1 and 2 of the Indictment. (Doc. 30 at 5-6.)

The Government responds that the offenses here are of "the same or similar character" and are therefore properly joined. (Doc. 54 at 9.) The Government cites caselaw which identifies relevant factors in the determination of whether counts are properly joined for trial: "'whether the charges are laid under the same statute, whether they involve similar victims, locations or modes of operation, and the time frame in which the charged conduct occurred.'" (Doc. 54 at 11-12 (quoting *United States v. Boulanger*, 444 F.3d 76, 87 (1st Cir. 2006)).) Applying these factors, the Government asserts that

> Counts 1 and 2 of the Indictment charge Vargas under the same statute. The charges occurred within three months of each other, and where mere miles apart – near Vargas's residence – in Luzerne County, Pennsylvania. Both charges involve the same mode of operation (the defendant traveling in a vehicle and in possession of distribution quantities of narcotics).

(Doc. 54 at 12.) Based on the application of these factors and numerous cases cited, the Government concludes that joinder is proper in this case. (*Id.*)

Notably, of the numerous examples of cases cited by the Government where joinder of charges was found acceptable because they were of "the same or similar character," no case joined two distinct drug charges. (*See* Doc. 54 at 9-12.) The problem with trying charges of the same or similar character together was recognized in *United States v. Muniz*, 1 F.3d 1018 (10th Cir. 1993), where the Tenth Circuit Court of Appeals stated that

4

> [w]hen joinder of offenses is based upon their "same or similar character," the prejudice to the defendant is more likely since proof of one crime may tend to corroborate the commission of the other crime in violation of the evidentiary rules against evidence of a general criminal disposition or propensity to commit crime. 8 James W. Moore, *Moore's Federal Practice* ¶ 14.03[1] (2d ed. 1991). Particularly since economizing judicial resources is not of great significance when the offenses were on different dates with different witness.

1 F.3d at 1023. The Government focuses on the fact that the Circuit Court did not disturb the decision of the district court's denial of the defendant's severance motion because the decision was not an abuse of discretion and the court observed that "the two counts were separate and distinct, and the evidence presented at trial was not too confusing or overlapping." (Doc. 54 at 17.) *Muniz* also found it significant that "[t]he offenses took place on different dates at different locations, and different witnesses and evidence were presented on each count," as distinguished from *Drew v. United States,* 331 F.2d 85, 92–93 (D.C.Cir.1964), where "confusion resulted from similarity of the two offenses because both were committed in same way and at stores with the same name." 1 F.3d at 1023.

Recognizing the discretion to fashion relief for apparent prejudice under Rule 14(a), the Court concludes that the guidance provided in *Muniz* suggests that trying each count separately is the best course of action. While the offenses took place on different dates at different locations, the events of January 4, 2021, and April 25, 2021, are similar in that, on both dates, Defendant was traveling in a vehicle with another individual and a traffic stop precipitated the seizures and searches at issue. It is likely that at least one individual, Detective Corporal Angelo Gadola of the City of Hazleton Police Department, will be a

witness concerning both events in that his involvement in both incidents is indicated in the Affidavit of Probable Cause related to the January 4, 2021, incident (*see* Doc. 29-4 at 5, 6) and the Affidavit of Probable Cause for the April 25, 2021, incident where he was the affiant (*see* Doc. 29-5 at 7-9).

Further, the Court concludes that where evidence properly admitted as evidence as to one count of the Indictment may run afoul of Rule 404(b) as to the other count of the Indictment, the effectiveness of a limiting instruction is of dubious effect. Here, evidence of Defendant's possession of cocaine on April 25, 2021, is admissible evidence as to Count 2 of the Indictment. However, in connection with the January 4, 2021, incident in Count 1, possession is at issue and the evidence properly admitted as to the April 25, 2021, incident may be inadmissible pursuant to Rule 404(b). Though the Court cannot determine admissibility at this stage of the proceedings, assessment of prejudice and confusion in the context of relevant guidance indicates that separate trials of Counts 1 and 2 are appropriate in this case.

In making this determination, the Court has taken into account the Government's notation that it "will file a Notice of Intent to Introduce 404(b) in this matter" and its argument that Rule 404(b) "allows evidence of other crimes, wrongs, or acts for a number of purposes, many of which appear to be applicable to the instant prosecution, 'such as proving . . . . opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or lack of accident.'" (Doc. 54 at 18 (quoting Rule 404 (b) & n.3).) The Court acknowledges

the possibility that, at a separate trial of Count 1, evidence related drug possession on April 25, 2021, could potentially be admitted pursuant to Rule 404(b)(2). However, this is merely speculation and the Court is not persuaded that it is an appropriate basis to deny the pending motion. This is particularly so given the Third Circuit's analysis of the subtle line between prohibited propensity evidence and permitted bases for admission pursuant to Rule 404(b)(2) in *United States v. Smith*, 725 F.3d 340 (3d Cir. 2013).

> On the one hand, proponents of Rule 404(b) evidence will normally be able to conceive of a proper purpose other than propensity. But if this were sufficient to admit the evidence, the basic idea embodied by Rule 404(b), that simply because one act was committed in the past does not mean that a like act was again committed, would be threatened. On the other hand, all Rule 404(b) evidence is at least somewhat prejudicial to the party against whom it is admitted and will invite the jury to make inferences about his or her character. This alone cannot lead to exclusion. *United States v. Pettiford,* 517 F.3d 584, 590 (D.C.Cir.2008). We resolve this inherent tension by requiring that the purpose of the Rule 404(b) evidence be established without an inference that the party against whom it is admitted acted in conformity with whatever the evidence of the prior act says about his or her character. We therefore do not exclude evidence simply if it invites character inferences, but only evidence that is used to prove a person's character and that invites the inference that the person acted in conformity with that character, and was therefore more likely to have committed the charged crime.

*United States v. Smith*, 725 F.3d at 345 (3d Cir. 2013). Here it is hard to imagine how evidence of Defendant's possession of a controlled substance on April 25, 2021, would not invite the inference that Defendant acted in conformity with his character for possessing controlled substances on January 4, 2021, and was therefore more likely to have possessed the methamphetamine found on that date. For now, this is an issue which may need to be decided another day. However, *Smith's* guidance and the nature of the evidence at issue in

7

a joint trial of the counts contained in the Indictment further supports a conclusion that Defendant's motion for separate trials is appropriately granted.

### III. CONCLUSION

For the foregoing reasons, Defendant's "Motion for Relief from Prejudicial Joinder (Fed. R. Crim. P. 14)" (Doc. 29) will be granted. A separate Order will be entered.

Robert D. Mariani
United States District Judge